IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DIONTE NOWELS,

    Plaintiff,

v.                                Case No. 24C0754

MARY MOORE,

    Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Mary Moore, by her attorneys, Wisconsin Attorney General Joshua L. Kaul and Assistant Attorney General Annie Petering, hereby answer Plaintiff's Complaint (Dkt. 1) as follows:

1. Defendant ADMITS that Plaintiff, Dionte Nowels (DOC#495420) is incarcerated by the Wisconsin Department of Corrections and was located at Waupun Correctional Institution at the times relevant to this complaint. ALLEGE that Plaintiff is currently housed at Fox Lake Correctional Institution.

2. Defendant Moore ADMITS that she was employed by the Department of Corrections Bureau of Health Services at Waupun Correctional Institution as an Advanced Practice Nurse Practitioner (APNP) at the times relevant to this lawsuit.

3. Defendant ADMITS jurisdiction is proper in this case, subject to Defendant's claim of sovereign immunity as detailed below.

4. Defendant DENIES she violated any of Plaintiff's constitutional rights.

5. Defendant DENIES Plaintiff is entitled to any relief requested.

6. Defendant joins in Plaintiff's demand for trial by jury.

7. Anything not expressly admitted above is hereby DENIED. This answer is being submitted as a general denial because Plaintiff's claims involve his medical treatment and Defendant does not yet have an authorization for Plaintiff's medical records.

## AFFIRMATIVE DEFENSES

1. All or portions of Plaintiff's Complaint must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies.

2. Some or all of Plaintiff's claims may be barred by the doctrine of claim preclusion or issue preclusion.

3. To the extent that Defendant is named in her personal capacity, all or portions of Plaintiff's Complaint must be dismissed pursuant to the doctrine of qualified immunity.

4. To the extent that Defendant is named in her official capacities, all or portions of Plaintiff's Complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

5. This action is subject to the requirements, provisions, terms, conditions, and limitations of 42 U.S.C. § 1997e.

6. Plaintiff's injuries and damages may be due to pre-existing medical or disease processes, over which this Defendant has no control and which were not caused by the Defendant.

7. All or portion of Plaintiff's complaint is subject to or barred by the doctrine of comparative negligence or contributory negligence.

8. All or portions of Plaintiff's Complaint must be dismissed to the extent that Plaintiff failed to mitigate damages.

**WHEREFORE,** the Defendant demands judgment dismissing Plaintiff's Complaint on the merits with prejudice, and for such relief as the Court deems just and proper, including the award of Defendant's reasonable attorney fees and expenses.

Dated October 10, 2024.

    Respectfully submitted,

    JOSHUA L. KAUL
    Attorney General of Wisconsin


    <u>s/Annie V. Petering</u>
    ANNIE V. PETERING
    Assistant Attorney General
    State Bar #1102422

    Attorneys for Defendant.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-9227
(608) 294-2907 (Fax)
peteringav@doj.state.wi.us