UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DIONTE NOWELS,

                  Plaintiff,

v.                                                                      Case No. 24-cv-0754-bhl

MARY MOORE,

                  Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Dionte Nowels, who is incarcerated at Fox Lake Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On December 10, 2024, Defendant Mary Moore filed a motion for partial summary judgment on the ground that Nowels failed to exhaust the available administrative remedies in connection with Nowels' claim that she retaliated against him by prescribing medication that she knew would exacerbate his constipation and rectal issues. Dkt. No. 17. For the reasons explained below, the Court will deny Moore's motion.

## BACKGROUND

      At the relevant time, Nowels was incarcerated at Waupun Correctional Institution, where Moore worked as an advanced practitioner nurse prescriber. Nowels, who suffers from extreme constipation and rectal issues, alleges that on June 15, 2021, Moore prescribed a medication to address his complaints of general body pain. Nowels asserts that he informed Moore that, if the medication causes constipation, he would rather try a different medication. Moore allegedly confirmed that the medication does not cause constipation, but she refused to provide Nowels with the medication's list of side effects. Dkt. No. 31 at ¶¶1-3; Dkt. No. 8 at 3-4.

According to Nowels, over the next few months, Moore insisted that the medication was not responsible for his worsening constipation and rectal issues. On October 1, 2021, Nowels received the medication's list of side effects and learned that, contrary to Moore's representations, the medication can cause constipation. Nowels asserts that he immediately stopped taking the medication. He further asserts that, a couple of weeks later, on October 13, 2021, during an appointment with Moore, he asked her why she had prescribed a medication that she knew would exacerbate his abdominal and rectal conditions. Nowels asserts that Moore responded, "The day I no longer have to waste time fighting your lawsuits will be the day I'll be able to spend time ensuring you have the right medication." Dkt. No. 31 at ¶¶1-3; Dkt. No. 8 at 3-4.

On October 21, 2021, Nowels submitted an inmate complaint asserting that Moore had retaliated against him "when she deliberately prescribed, continued and increased the dosage of harmful medication." Nowels provided additional information in his inmate complaint, including that, on or about October 11, 2021, he had an appointment with Moore about the "constipation, vomiting, nausea, and extreme abdominal pain" he had been experiencing. He explained that he informed Moore that he had "recently stopped taking the pain medication" she had prescribed because he "recently learned that, contrary to what she told [him] in previous appointments, [the medication] causes constipation . . . ." Nowels further explained that he asked Moore why she had lied to him by telling him the medication did not cause constipation when he was continuously complaining of extreme constipation. Nowels detailed Moore's response, which he noted showed her retaliatory attitude. Dkt. No. 21-1 at 3-5.

On November 2, 2021, a couple of weeks after Nowels submitted the inmate complaint, the inmate complaint was returned to him with instructions that he first try to informally resolve his concerns by contacting the health services manager. Nowels did so the following day, and less

2

than a week later, on November 8, 2021, Nowels received a response from the health services manager stating, "spoke with provider, claims this is not what occurred. Reviewed charting, no issues." That same day, Nowels resubmitted his inmate complaint, along with the response he had received from the health services manager. Dkt. No. 37 at ¶¶3-6; Dkt. No. 21-1 at 3.

A few weeks later, on November 30, 2021, the institution complaint examiner rejected the inmate complaint on the basis that Nowels "[did] not provide sufficient information to support a complaint." She explained that she discussed the matter with the health services manager who stated that there was "no documentation showing a medication increase. The only recent med change noted was an addition of enema . . . ." The rejection notice further stated: "If you wish to appeal, complete form DOC 2182 Request for Review of Rejected Complaint and send to: Institution Complaint Examiner, Waupun Correctional Institution, 200 S. Madison Street, P. O. Box 351, Waupun, WI 53963-0351." Dkt. No. 20-2 at 2-3.

On December 3, 2021, three days after receiving the rejection, Nowels completed the request for review form, placed it inside an envelope, and attached a disbursement request for postage. His request for postage was approved two days later, on December 5, 2021, and a mailroom officer placed the envelope in a U.S. Postal Service mail flat, which was then transported to the Waupun post office. Although it is unclear why, the reviewing authority did not receive the request for review until December 14, 2021, fourteen days after the institution complaint examiner rejected Nowels' inmate complaint. The reviewing authority rejected the request for review as untimely. Dkt. No. 20-2 at 16; Dkt. No. 32-1; Dkt. No. 44 at ¶¶13-18.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence

3

and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

The Prison Litigation Reform Act, which applies to this case because Nowels was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Seventh Circuit has explained that the "primary purpose of the exhaustion doctrine [is to] alert[] the prison officials to the existence of the problem and afford[] an opportunity to repair the injury." *Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019). An inmate need only "provide[] notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citations omitted). To properly exhaust, a prisoner must "take each step within the administrative process," including following instructions for filing an initial grievance as well as for filing all necessary appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

4

Of course, prison officials may not take unfair advantage of the exhaustion requirement to block inmates from filing federal lawsuits. A prisoner's lawsuit will be dismissed based on the prisoner's failure to exhaust the administrative remedies only if the administrative remedies were "available" to him. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Examples of when the administrative remedies are deemed "unavailable" include a prison official not responding to a properly filed inmate complaint or engaging in affirmative misconduct such as denying a prisoner necessary forms, destroying a prisoner's submissions, or requiring steps not mandated by regulation or rule. *See Smith v. Buss*, 364 F. App'x 253, 255 (7th Cir. 2010); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Kaba*, 458 F.3d at 684; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002). Obviously, the "Prison Litigation Reform Act was not meant to impose the rule of 'heads we win, tails you lose' on prisoner suits." *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) (overruled on other grounds).

Moore asserts that Nowels failed to exhaust the administrative remedies because his complaint was properly rejected pursuant to Wis. Stat. DOC §310.10(6)(d) for failure to provide sufficient information and because he did not timely request an appeal of the rejection. For the reasons explained below, both assertions are without merit. Moore's motion for summary judgment must therefore be denied.

1. **The Institution Complaint Examiner Improperly Rejected Nowels' Inmate Complaint.**

In the inmate complaint, Nowels identified his one issue as Moore retaliating against him "for exercising [his] constitutional rights when she deliberately *prescribed, continued, and increased* the dosage of [a] harmful medication," which he identified in the details section of the inmate complaint as Desipramine Hydrochloride. Dkt. No. 20-2 at 8 (emphasis added). In her rejection of the inmate complaint, the institution complaint examiner framed Nowels' issue as

Moore "retaliate[ing] against him for exercising his constitutional right by increasing the dosage of medication." Dkt. No. 20-2 at 2. The institution complaint examiner stated that she "discussed this matter" with the health services manager who stated there was "no medication documentation showing a medication increase." *Id.* She then rejected the inmate complaint because Nowels did "not provide sufficient information to support a complaint." *Id.*

Based on the record, this rejection was improper. First, the institution complaint examiner did not fairly characterize Nowels' issue. His complaint did not focus only on a *dosage increase*, as the examiner stated, but on the *prescription, continuation, and dosage increase* of the medication Desipramine Hydrochloride. It is unclear why the institution examiner focused only on the dosage increase, but doing so led to an incomplete investigation and incorrect conclusion.

The institution complaint examiner's finding that Nowels did not provide sufficient information to support the inmate complaint is inaccurate. In his inmate complaint, Nowels explained that in a recent appointment with Moore, he informed her that he had recently stopped taking the pain medication Desipramine Hydrochloride, and he asked her why she had lied to him about it causing constipation when he "continuously complained of extreme constipation and its side effects." Nowels provided the name of the medication, noted that he had been taking it while continuously complaining of side effects, and explained that he had recently stopped taking it after learning about the side effects. It is unclear what additional information Nowels should have (or even could have) provided to enable the institution complaint examiner to investigate his claims. While it is possible that Nowels' version of the facts was incorrect, it cannot be said that he did not provide sufficient information in his inmate complaint. If anything, the inmate complaint examiner failed to read and then poorly investigated the information Nowels provided.

Also, the institution complaint examiner's finding that there had been no medication increase is simply wrong. As Nowels attempted to explain in his request to appeal the rejection, Moore noted in a progress note on September 21, 2021, just over a month after the date of the incident, that because the "Desipramine dose [had been] recently *increased*" it was "too soon to notice improvement." Dkt. No. 20-2 at 18 (emphasis added.) Moore then ordered that Nowels continue to take Desipramine for his back pain. *Id.* It may be that the health services manager provided the institution complaint examiner with bad information. It is also possible that the institution complaint examiner framed her request to the health services manager so narrowly that his search did not reveal relevant information. It is hard to understand how a request for information about Moore's prescription, continuation, and dosage increase of Desipramine Hydrochloride, would not have unearthed information relevant to the issue Nowels identified in his inmate complaint. Regardless, the conclusion that no dosage increase had occurred was wrong.

In sum, the institution complaint examiner improperly rejected Nowels' inmate complaint because she failed to properly characterize the issue, improperly concluded that Nowels did not provide sufficient information, and based her decision on inaccurate factual findings. These inadequacies, which led to her improperly rejecting the inmate complaint, rendered the administrative remedies unavailable to Nowels.

**2. Nowels Timely Requested a Review of the Rejection.**

Moore also argues that Nowels failed to exhaust the administrative remedies because he did not timely request a review of the rejection. According to Moore, "[i]nmates at Waupun are not supposed to mail appeals of rejected complaints. Rather, they are supposed to use the regular inter-office mail at the institution." Dkt. No. 36 at 2. Moore further argues that, even if Nowels

was permitted to use the U.S. mail to submit his review request, he provided "no evidence to show when his complaint was actually mailed." *Id.* Neither argument has merit.

As to Nowels' use of the mail rather than the drop box, the form notifying Nowels that his inmate complaint had been rejected states: "If you wish to appeal, complete form DOC 2182 Request for Review of Rejected Complaint and send to: Institution Complaint Examiner, Waupun Correctional Institution, 200 S. Madison Street, P. O. Box 351, Waupun, WI 53963-0351." Dkt. No. 20-2 at 3. The inclusion of a post office box certainly suggests that use of the mail for the appeal would be appropriate. Further, the inmate handbook states that "Appeals of rejected complaints may be sent directly to the Complaint Department." Dkt. No. 38 at ¶7. In accordance with these directions, Nowels mailed his request for review to the complaint department.

Moore argues that although the form instructs inmates to *mail* the form and the handbook instructs inmates to *send* the form, inmates are actually required to *deposit* the form in a drop box located on their housing unit. But, for exhaustion purposes, inmates are only required to comply with rules that they are told about. *See Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002) (holding that an inmate complaint cannot be dismissed based on a requirement on which "the administrative rulebook is silent"). Although the presence of drop boxes on each unit may mean "there is no reason for anyone housed within the Institution to mail their inmate complaints, appeals of rejected complaints, or resubmissions of returned complaints to the ICE office," Dkt. No. 38 at ¶11, Moore points to no rule informing inmates that they should disregard the instructions on the rejection form and in the handbook and instead use the drop boxes to submit their requests for review. Nowels complied with the only written instructions he was given, which is sufficient to satisfy the exhaustion requirement.

As for the timeliness of Nowels's request for review form, the record shows that, at the latest, Nowels submitted the request for review form along with a disbursement request for postage on December 5, 2021. Dkt. No. 44 at ¶17. Once submitted to institutional staff, the mailing was out of Nowels control, and he would have had no further access to it. *Id.* As noted, Nowels' inmate complaint was rejected on November 30, 2021, and per DOC §310.10(10) he was allowed ten days to appeal the rejection. Dkt. No.20-2 at 2. Accordingly, Nowels timely submitted his request for review when he submitted it for mailing along with a disbursement request for postage to institutional staff well before the deadline. *See, e.g., Poor v. Hill*, No. 23-cv-0014-GCS, 2025 WL 959448, at *7 (S.D. Ill. March 31, 2025) (noting that many courts have applied the prison mailbox rule to PLRA exhaustion) (collecting cases). In short, Nowels did all that was within his power to timely request review of the rejection, so the dismissal of his request for review based on untimeliness was improper.

Because Nowels properly exhausted the administrative remedies in connection with his claim that Moore retaliated against him, Moore is not entitled to summary judgment. The Court reminds the parties that they may move for summary judgment on the merits of Nowels' claims on or before May 19, 2025.

**IT IS THEREFORE ORDERED** that Moore's motion for partial summary judgment for failure to exhaust the administrative remedies (Dkt. No. 17) is **DENIED** and Nowels' motion to file a surreply (Dkt. No. 40) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 25th day of April, 2025.

BY THE COURT:

s/Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge