UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIONTE NOWELS,

                Plaintiff,

v.                                                              Case No. 24-cv-0754-bhl

MARY MOORE,

                Defendant.

## DECISION AND ORDER

      Plaintiff Dionte Nowels, who is incarcerated at Fox Lake Correctional Institution and representing himself, is proceeding on an Eighth Amendment medical care claim, a First Amendment Retaliation claim, and a Wisconsin medical malpractice claim against Defendant Mary Moore, who Nowels asserts prescribed a pain medication that she knew would worsen his constipation and abdominal issues. Moore filed a motion for summary judgment on May 19, 2025. Dkt. No. 49. In a notice and order, the Court reminded Nowels that under Civil L. R. 56(b)(2) his response materials were due June 18, 2025. Dkt. No. 54. The Court warned Nowels that, if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Moore as undisputed, which would likely result in summary judgment being granted in her favor and the case being dismissed. At Nowels' request, the Court extended his deadline to respond by sixty days, warning him that, "[i]f the Court does not receive Plaintiff's response materials by August 18, 2025, the Court will accept all facts asserted by Defendant as true and will decide the motion without Plaintiff's input." Dkt. No. 56. The extended deadline has passed, and Nowels has not responded to the motion.

The Court has reviewed Moore's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that she is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Moore and deemed true as a result of Nowels' failure to respond, the Court finds that Moore exercised her professional judgment when she prescribed the medication in question to address Nowels' well-established reports of chronic pain after several other medications were deemed ineffective or unavailable. The Court also finds that information regarding the potential side effects of the medication, which Moore considered when she prescribed the medication, was consistently available to Nowels and that Moore prescribed other medications and therapies to alleviate possible side effects. Finally, the Court finds that Moore first prescribed the medication months before Nowels filed his other lawsuit against her.

Based on the forgoing, no jury could reasonably conclude that Moore was deliberately indifferent to Nowels' medical issues when she prescribed the medication. *See Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th Cir. 1996) ("[D]eliberate indifference may be inferred based upon a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment."). Nor could a jury reasonably conclude that Moore prescribed the medication to retaliate against Nowels. *See Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Indeed, the record shows that Nowels has received extensive and thoughtful treatment for his many conditions, far exceeding the care that many non-incarcerated individuals receive. Accordingly, Moore is entitled to summary judgment on Nowels' federal claims against her.

Finally, because the Court has resolved Nowels' federal claims, the Court will relinquish jurisdiction over the state-law claims. *See* 28 U.S.C. §1367(c)(3). Nowels may pursue those claims in state court, if he so chooses. The Court offers no opinion on the merit of those claims.

**IT IS THEREFORE ORDERED** that Defendant Mary Moore's motion for summary judgment (Dkt. No. 49) is **GRANTED**. Nowels' federal claims are dismissed with prejudice, and his state-law claims are dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 25, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.